ORIGINAL

1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
3   4328 Redwood Hwy., Suite 300
    San Rafael, CA 94903
4   Telephone:    415/674-8600
    Facsimile:    415/674-9900
5
    Attorneys for Plaintiffs
6   MARSHALL LOSKOT
    and DISABILITY RIGHTS
7   ENFORCEMENT, EDUCATION,
    SERVICES: HELPING YOU
8   HELP OTHERS                          E-filing

9

10                    UNITED STATES DISTRICT COURT                **SBA**

11                    NORTHERN DISTRICT OF CALIFORNIA

12  MARSHALL LOSKOT, an individual; and )    CASE NO.
13  DISABILITY RIGHTS, ENFORCEMENT, )        **CV Right 08      5366**
    EDUCATION, SERVICES:HELPING YOU)
14  HELP OTHERS, a California public benefit ) **COMPLAINT FOR INJUNCTIVE RELIEF
    corporation,                           )  AND DAMAGES:**
15                                         )
         Plaintiffs,                       )  **1st CAUSE OF ACTION:** For Denial of Access
16                                         )  by a Public Accommodation in Violation of the
    v.                                     )  Americans with Disabilities Act of 1990 (42
17                                         )  U.S.C. §12101, *et seq.*)
    BERTOLUCCI'S RISTORANTE; SODINI )
18  ENTERPRISES, INC., a California        )  **2nd CAUSE OF ACTION:** For Denial of Full
    corporation, dba BERTOLUCCI'S          )  and Equal Access in Violation of California
19  RISTORANTE; PETER D. SODINI,           )  Civil Code §§54, 54.1 and 54.3
    TRUSTEE, and VICTORIA A. SODINI,       )
20  TRUSTEE of the SODINI FAMILY           )  **3rd CAUSE OF ACTION:** For Denial of
    TRUST,                                 )  Accessible Sanitary Facilities in Violation of
21                                         )  California Health & Safety Code §19955, *et seq.*
                                           )
22       Defendants.                       )  **4th CAUSE OF ACTION:** For Denial of
                                           )  Access to Full and Equal Accommodations,
23                                            Advantages, Facilities, Privileges and/or
                                              Services in Violation of California Civil Code
24                                            §51, *et seq.* (The Unruh Civil Rights Act)

25

26                                            **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    1

1      Plaintiffs MARSHALL LOSKOT, an individual; and DISABILITY RIGHTS,

2 ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3 public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4 defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S

5 RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the

6 SODINI FAMILY TRUST and allege as follows:

7 **INTRODUCTION:**

8      1.    This is a civil rights action for discrimination against persons with physical

9 disabilities, of which class plaintiff MARSHALL LOSKOT and the membership of DREES are

10 members, for failure to remove architectural barriers structural in nature at defendants'

11 BERTOLUCCIS RISTORANTE, a place of public accommodation, thereby discriminatorily

12 denying plaintiffs and the class of other similarly situated persons with physical disabilities

13 access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

14 goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and

15 damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

16 California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

17 *seq.*

18      2.    Plaintiff MARSHALL LOSKOT is a person with physical disabilities who, on or

19 about July 13, 2008, September 23, 2008 and October 28, 2008, was an invitee, guest, patron,

20 customer at defendants' BERTOLUCCI'S RISTORANTE, in the City of South San Francisco,

21 California.  At said time and place, defendants failed to provide proper legal access to the

22 Ristorante, which is a "public accommodation" and/or a "public facility" including, but not

23 limited to signage, parking, entrances, ramps, men's restrooms and women's restroom .  The

24 denial of access was in violation of both federal and California legal requirements, and plaintiff

25 MARSHALL LOSKOT suffered violation of his civil rights to full and equal access, and was

26 embarrassed and humiliated.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **JURISDICTION AND VENUE:**

2  3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6  California law, whose goals are closely tied with the ADA, including but not limited to violations

7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8  *seq.*, including §19959; Title 24 California Building Standards Code.

9  4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10  founded on the facts that the real property which is the subject of this action is located at/near

11  421 Cypress Avenue, in the City of South San Francisco, County of San Mateo, State of

12  California, and that plaintiffs' causes of action arose in this county.

13  **PARTIES:**

14  5.    Plaintiff MARSHALL LOSKOT  is a "physically handicapped person", a

15  "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

16  "physically disabled", "physically handicapped" and "person with physical disabilities" are used

17  interchangeably, as these words have similar or identical common usage and legal meaning, but

18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

21  MARSHALL LOSKOT is a "person with physical disabilities", as defined by all applicable

22  California and United States laws.  Plaintiff is a Paraplegic.   Plaintiff MARSHALL LOSKOT

23  requires the use of a wheelchair to travel about in public.  Consequently, plaintiff MARSHALL

24  LOSKOT is a member of that portion of the public whose rights are protected by the provisions

25  of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

26  Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

27  §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

28  Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff MARSHALL LOSKOT, will or have been guests and invitees at the subject BERTOLUCCI'S, and that the interests of plaintiff DREES in removing architectural barriers at the subject Ristorante advance the purposes of DREES to assure that all public accommodations, including the subject Ristorante, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST  (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as BERTOLUCCI'S RISTORANTE, located at/near 421 Cypress Avenue, South San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCIS RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST , own and operate in joint venture the subject Ristorante as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.    At all times relevant to this complaint, defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST are jointly and severally responsible to identify and remove architectural barriers at the subject BERTOLUCCI'S RISTORANTE pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201        General**
>
>           (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    BERTOLUCCI'S, is a restaurant, located at/near 421 Cypress Avenue, South San Francisco, California.  The BERTOLUCCI'S RISTORANTE, its signage, parking, entrances, ramps, men's restrooms, women's restroom and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the BERTOLUCCI'S RISTORANTE and each of its facilities, its signage, parking, entrances, ramps, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff MARSHALL LOSKOT  was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the BERTOLUCCI'S as being handicapped accessible and handicapped usable.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.     On or about July 13, 2008, September 23, 2008 and October 28, 2008, plaintiff MARSHALL LOSKOT was an invitee and guest at the subject restaurant, with his attendant Bonnie William or by himself, for purposes of having a meal.

15.     On or about July 13, 2008, plaintiff MARSHALL LOSKOT drove into the parking lot of BERTOLUCCI'S and found that there was no adequate parking and signage. There was no van accessible parking.

16.     At said time and place, plaintiff MARSHALL LOSKOT wheeled to the rear entrance off the bar and descended down a ramp which was too steep and did not have a proper landing area.

17.     On or about July 13, 2008, plaintiff MARSHALL LOSKOT was seated to dine in the main dining area and needed to wash his hands.

18.     At said time and place, plaintiff MARSHALL LOSKOT was informed where the restrooms were located that served the main dining area.  Plaintiff MARSHALL LOSKOT wheeled to the men's restroom.

19.     At said time and place, plaintiff MARSHALL LOSKOT attempted to and did enter the men's restroom but scraped his left hand in the process.  Plaintiff MARSHALL LOSKOT wheeled through the second door but because of a lack of clear space at the lavatory, plaintiff MARSHALL LOSKOT was only able to wash one hand at a time.

20.     At said time and place, plaintiff MARSHALL LOSKOT attempted to exit the men's restroom.  He became trapped between the two (2) doors.  Plaintiff MARSHALL LOSKOT was in essence, falsely imprisoned!  He was in what could be viewed as/or analogized to as a cell block consisting of two doors which could not be opened to exit from within a corridor.  Plaintiff MARSHALL LOSKOT futilely tried to open the door behind him to gain access room.  Plaintiff stressed and strained his neck and right shoulder in the process.  Plaintiff MARSHALL LOSKOT could only be extricated by raising his voice and crying in substance: "Help, I'm stuck in the bathroom."  Patrons came to plaintiff MARSHALL LOSKOT assistance and opened the outside door to allow plaintiff MARSHALL LOSKOT to exit the restroom.

///

1    21.    At said time and place, plaintiff MARSHALL LOSKOT was informed that there

2    was a men's restroom off the bar and that he should try it.  Plaintiff MARSHALL LOSKOT

3    wheeled to that restroom and opened the door and saw that it was not accessible.

4    22.    On or about July 18, 2008, MARSHALL LOSKOT wrote the landlord and the

5    tenant about the access issues.  Plaintiff MARSHALL LOSKOT never received a response.

6    23.    On or about September 23, 2008 and October 28, 2008, plaintiff MARSHALL

7    LOSKOT returned to BERTOLUCCI'S.  Plaintiff MARSHALL LOSKOT encountered all the

8    same barriers as on July 13, 2008.  On these two (2) dates, plaintiff MARSHALL LOSKOT

9    determined that no remedial work had been done to the restrooms.

10    24.    At said all times and place, plaintiff MARSHALL LOSKOT noticed that the front

11    entrance of BERTOLUCCI'S RISTORANTE was not accessible due to a steep ramp and that

12    there was no signage indicating the location of the most accessible entrance.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.     Therefore, at said times and place, plaintiff MARSHALL LOSKOT, a person with a disability, encountered the following inaccessible elements of the subject BERTOLUCCI'S RISTORANTE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.    lack of directional signage to show accessible routes of travel, i.e entrances;

        b.    lack of the requisite number of regular disabled parking stall(s);

        c.    lack of disabled van accessible parking stall(s);

        d.    lack of tow-a-way signage;

        e.    lack of an accessible entrance at either the front or rear entrance;

        f.    lack of a handicapped-accessible women's public restroom;

        g.    lack of a handicapped-accessible men's public restroom;

        h.    lack of reduced door pressure throughout;

        i.    lack of ramp(s) with a slope of less than 8.33%;

        j.    lack of level landing at the rear ramp; and

        k.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

26.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

27.     On or about July 18, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff MARSHALL LOSKOT advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28.    At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff MARSHALL LOSKOT from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

29.    As a legal result of defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

30.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff MARSHALL LOSKOT suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about July 13, 2008 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing set of doors in the men's restroom off the dining area, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity and neck while attempting to extricate himself from the restroom.

///

///

///

///

1    31.    Further, plaintiff MARSHALL LOSKOT suffered emotional distress, mental

2  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

3  humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

4  associated with a person with physical disabilities being denied access, all to his damages as

5  prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

6  mental and emotional distress over and above that usually associated with the discrimination and

7  physical injuries claimed, and no expert testimony regarding this usual mental and emotional

8  distress will be presented at trial in support of the claim for damages.

9    32.    Defendants', and each of their, failure to remove the architectural barriers

10  complained of herein created, at the time of plaintiff MARSHALL LOSKOT's first visit to said

11  public accommodation, and continues to create continuous and repeated exposure to substantially

12  the same general harmful conditions which caused plaintiff MARSHALL LOSKOT  harm as

13  stated herein.

14    33.    Plaintiff MARSHALL LOSKOT and the membership of DREES were denied their

15  rights to equal access to a public facility by defendants SODINI ENTERPRISES, INC., a

16  California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE,

17  and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST, because defendants

18  SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE;

19  PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI

20  FAMILY TRUST maintained a restaurant without access for persons with physical disabilities to

21  its facilities, including but not limited to the signage, parking, entrances, ramps, men's restrooms,

22  women's restroom and other public areas as stated herein, and continue to the date of filing this

23  complaint to deny equal access to plaintiffs and other persons with physical disabilities in these

24  and other ways.

25    34.    On information and belief, construction alterations carried out by defendants have

26  also triggered access requirements under both California law and the Americans with Disabilities

27  Act of 1990.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    35.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the

2   BERTOLUCCI'S RISTORANTE to be made accessible to meet the requirements of both

3   California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so

4   long as defendants operate the Ristorante as a public facility.

5    36.    Plaintiffs seek damages for violation of their civil rights on  July 13, 2008,

6    September 23, 2008 and October 28, 2008, and they seek statutory damages of not less than

7   $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for

8   each day after his visit that the trier of fact (court/jury) determines was the date that some or all

9   remedial work should have been completed under the standard that the landlord and tenant had an

10  ongoing duty to identify and remove architectural barriers where it was readily achievable to do

11  so, which deterred plaintiff MARSHALL LOSKOT  from returning to the subject public

12  accommodation because of his knowledge and/or belief that neither some or all architectural

13  barriers had been removed and that said premises remains inaccessible to persons with disabilities

14  whether a wheelchair user or otherwise.

15    37.    On information and belief, defendants have been negligent in their affirmative duty

16  to identify the architectural barriers complained of herein and negligent in the removal of some or

17  all of said barriers.

18    38.    Because of defendants' violations, plaintiffs and other persons with physical

19  disabilities are unable to use public facilities such as those owned and operated by defendants on a

20  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

21  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

22  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

23  defendants to make the BERTOLUCCI'S RISTORANTE accessible to persons with disabilities.

24    39.    On information and belief, defendants have intentionally undertaken to modify and

25  alter existing building(s), and have failed to make them comply with accessibility requirements

26  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

27  of them, in failing to provide the required accessible public facilities at

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

2  despicable conduct carried out by defendants, and each of them, with a willful and conscious

3  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

4  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

5  profound example of defendants, and each of them, to other operators and landlords of other

6  restaurants and other public facilities, and to punish defendants and to carry out the purposes of

7  the Civil Code §§ 51, 51.5 and 54.

8      40.   Plaintiffs are informed and believe and therefore allege that defendants SODINI

9  ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER

10  D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY

11  TRUST, and each of them, caused the subject building(s) which constitute the restaurant to be

12  constructed, altered and maintained in such a manner that persons with physical disabilities were

13  denied full and equal access to, within and throughout said building(s) of the restaurant and were

14  denied full and equal use of said public facilities.  Furthermore, on information and belief,

15  defendants have continued to maintain and operate said restaurant and/or its building(s) in such

16  conditions up to the present time, despite actual and constructive notice to such defendants that

17  the configuration of BERTOLUCC'S RISTORANTE and/or its building(s) is in violation of the

18  civil rights of persons with physical disabilities, such as plaintiff MARSHALL LOSKOT, the

19  membership of plaintiff DREES and the disability community which DREES serves.  Such

20  construction, modification, ownership, operation, maintenance and practices of such public

21  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

22  the ADA, 42 U.S.C. §12101, *et seq.*

23      41.   On personal knowledge, information and belief, the basis of defendants' actual and

24  constructive notice that the physical configuration of the facilities including, but not limited to,

25  architectural barriers constituting the restaurant and/or building(s) was in violation of the civil

26  rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

27  communications with invitees and guests, plaintiff MARSHALL LOSKOT himself, owners of

28  other restaurants, hotels, motels and businesses, notices they obtained from governmental

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  agencies upon modification, improvement, or substantial repair of the subject premises and other

2  properties owned by these defendants, newspaper articles and trade publications regarding the

3  Americans with Disabilities Act of 1990 and other access laws, public service announcements by

4  former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

5  Defendants' failure, under state and federal law, to make the BERTOLUCCI'S RISTORANTE

6  accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

7  other similarly situated persons with disabilities.  Despite being informed of such effect on

8  plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

9  defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

10  situation and to provide full and equal access for plaintiffs and other persons with physical

11  disabilities to the Ristorante.  Said defendants, and each of them, have continued such practices, in

12  conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to

13  the date of filing of this complaint, and continuing thereon.  Defendants had further actual

14  knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed

15  to the defendants and served concurrently with the summons and complaint.  Said conduct, with

16  knowledge of the effect it was and is having on plaintiffs and other persons with physical

17  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

18  plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

19  Civil Code §§52 and 54.3.

20      42.    Plaintiff MARSHALL LOSKOT and plaintiff DREES, on behalf of its

21  membership and the disability community which it serves, consisting of persons with disabilities,

22  would, could and will return to the subject public accommodation when it is made accessible to

23  persons with disabilities.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

43.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 42 of this complaint.

44.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

45.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///
///
///

46.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

47.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

48.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

///

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages and accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

49.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of BERTOLUCCI'S RISTORANTE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

50.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     51.    On information and belief, construction work on, and modifications of, the subject

2    building(s) of BERTOLUCCI'S occurred after the compliance date for the Americans with

3    Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

4    the ADA.

5     52.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

6    *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

7    Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

8    basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

9    are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

10    returning to or making use of the public facilities complained of herein so long as the premises

11    and defendants' policies bar full and equal use by persons with physical disabilities.

12     53.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

13    disability to engage in a futile gesture if such person has actual notice that a person or

14    organization covered by this title does not intend to comply with its provisions."  Pursuant to this

15    section, plaintiff MARSHALL LOSKOT has not returned to defendants' premises since on or

16    about October 28, 2008, but on information and belief, alleges that defendants have continued to

17    violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

18    access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

19    §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

20    facilities readily accessible to and usable by individuals with disabilities to the extent required by

21    this title."

22     54.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

23    Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

24    the Americans with Disabilities Act of 1990, including but not limited to an order granting

25    injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

26    deemed to be the prevailing party.

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2 **II.      SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
3 (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4 California public benefit corporation, and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D.
5 SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST, inclusive)
6 (California Civil Code §§54, 54.1, 54.3, *et seq.*)

7        55.      Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

8 allegations contained in paragraphs 1 through 54 of this complaint.

9        56.      At all times relevant to this action, California Civil Code §54 has provided that

10 persons with physical disabilities are not to be discriminated against because of physical handicap

11 or disability.  This section provides that:

12             (a) Individuals with disabilities . . . have the same rights as
the general public to full and free use of the streets, highways,
13 sidewalks, walkways, public buildings, medical facilities, including
hospitals, clinics, and physicians' offices, and other public places.
14

       57.      California Civil Code §54.1 provides that persons with disabilities shall not be
15
denied full and equal access to places of public accommodation or facilities:
16
            (a)(1) Individuals with disabilities shall be entitled to full
17 and equal access, as other members of the general public, to
accommodations, advantages, facilities, medical facilities, including
18 hospitals, clinics, and physicians' offices, and privileges of all
common carriers, airplanes, motor vehicles, railroad trains,
19 motorbuses, streetcars, boats, or any other public conveyances or
modes of transportation (whether private, public, franchised,
20 licensed, contracted, or otherwise provided), telephone facilities,
adoption agencies, private schools, hotels, lodging places, places of
21 public accommodation, amusement or resort, and other places to
which the general public is invited, subject only to the conditions
22 and limitations established by law, or state or federal regulation, and
applicable alike to all persons.
23
       Civil Code §54.1(a)(1)
24 ///

25 ///

26 ///

27 ///

28 ///

1    58.    California Civil Code §54.1 further provides that a violation of the Americans with

2  Disabilities Act of 1990 constitutes a violation of section 54.1:

3         (d) A violation of the right of an individual under the
          Americans with Disabilities Act of 1990 (Public Law 101-336) also
4         constitutes a violation of this section, and nothing in this section
          shall be construed to limit the access of any person in violation of
5         that act.

6    Civil Code §54.1(d)

7    59.    Plaintiff MARSHALL LOSKOT and the membership of plaintiff DREES are

8  persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and

9  violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each

10  specific architectural barrier which defendants knowingly and willfully fail and refuse to remove

11  constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

12  continue to be denied full and equal access to defendants' BERTOLUCCI'S RISTORANTE.  As

13  a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in

14  accordance with California Civil Code §54.3(a) for each day on which they visited or have been

15  deterred from visiting the BERTOLUCCI'S RISTORANTE because of their knowledge and

16  belief that the restaurant is inaccessible to persons with disabilities.  California Civil Code

17  §54.3(a) provides:

18        Any person or persons, firm or corporation, who denies or interferes
          with admittance to or enjoyment of the public facilities as specified
19        in Sections 54 and 54.1 or otherwise interferes with the rights of an
          individual with a disability under Sections 54, 54.1 and 54.2 is
20        liable for each offense for the actual damages and any amount as
          may be determined by a jury, or the court sitting without a jury, up
21        to a maximum of three times the amount of actual damages but in
          no case less than . . .one thousand dollars ($1,000) and . . .
22        attorney's fees as may be determined by the court in addition
          thereto, suffered by any person denied any of the rights provided in
23        Sections 54, 54.1 and 54.2.

24    Civil Code §54.3(a)

25    60.    On or about July 13, 2008, September 23, 2008 and October 28, 2008, plaintiff

26  MARSHALL LOSKOT suffered violations of Civil Code §§54 and 54.1 in that plaintiff

27  MARSHALL LOSKOT was denied access to  signage, parking, entrances, ramps, men's

28  restrooms, women's restroom and other public facilities as stated herein at the BERTOLUCCI'S

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  RISTORANTE and on the basis that plaintiff MARSHALL LOSKOT was a person with physical

2  disabilities.

3       61.    As a result of the denial of equal access to defendants' facilities due to the acts and

4  omissions of defendants, and each of them, in owning, operating and maintaining these subject

5  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

6  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff MARSHALL LOSKOT suffered

7  physical discomfort, bodily injury on or about July 13, 2008 (including, but not limited to, fatigue,

8  stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

9  around and through architectural barriers.  Specifically, as a legal result of defendants negligence

10 in the design, construction and maintenance of the existing doors and short corridor of the main

11 men's restroom off the dining area, plaintiff MARSHALL LOSKOT suffered continuous,

12 repetitive and cumulative trauma to his right upper extremity and neck while attempting to

13 extricated himself from the restroom.

14      62.    Further, plaintiff MARSHALL LOSKOT suffered mental distress, mental suffering,

15 mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

16 disappointment and worry, all of which are expectedly and naturally associated with a denial of

17 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

18 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

19 basis that plaintiffs are persons or an entity that represents persons with physical disabilities and

20 unable, because of the architectural barriers created and maintained by the defendants in violation

21 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

22 other persons.

23      63.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

24 and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'

25 rights as persons or an entity that represents persons with physical disabilities on or about

26 July 13, 2008, September 23, 2008 and October 28, 2008, and on a continuing basis since then,

27 including statutory damages, a trebling of all of actual damages, general and special damages

28 available pursuant to §54.3 of the Civil Code according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       64.    As a result of defendants', and each of their, acts and omissions in this regard,

2   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

3   plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

4   disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

5   the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

6   reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

7   plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

8   to compel the defendants to make their facilities accessible to all members of the public with

9   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

10  the provisions of §1021.5 of the Code of Civil Procedure.

    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

11  

12  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*.**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation and Against Defendants SODINI ENTERPRISES,
INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D.
SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY
TRUST, inclusive)
(Health & Safety Code §19955, *et seq.*)

17      65.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

18  allegations contained in paragraphs 1 through 64 of this complaint.

19      66.    Health & Safety Code §19955 provides in pertinent part:

20          The purpose of this part is to insure that public accommodations or
facilities constructed in this state with private funds adhere to the
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
of Title 1 of the Government Code.  For the purposes of this part
"public accommodation or facilities" means a building, structure,
facility, complex, or improved area which is used by the general
public and shall include auditoriums, hospitals, theaters, restaurants,
hotels, motels, stadiums, and convention centers.  When sanitary
facilities are made available for the public, clients or employees in
such accommodations or facilities, they shall be made available for
the handicapped.

26      67.    Health & Safety Code §19956, which appears in the same chapter as §19955,

27  provides in pertinent part, "accommodations constructed in this state shall conform to the

28  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

2  public accommodations constructed or altered after that date. On information and belief, portions

3  of the BERTOLUCCI'S RISTORANTE and/or of the building(s) were constructed and/or altered

4  after July 1, 1970, and substantial portions of the BERTOLUCCI'S RISTORANTE and/or the

5  building(s) had alterations, structural repairs, and/or additions made to such public

6  accommodations after July 1, 1970, thereby requiring said BERTOLUCCI'S RISTORANTE

7  and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health &

8  Safety Code upon such alteration, structural repairs or additions per Health & Safety Code

9  §19959.

10  68.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

11  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

12  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

13  Regulations and these regulations must be complied with as to any alterations and/or

14  modifications of BERTOLUCCI'S and/or the building(s) occurring after that date. Construction

15  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant

16  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

17  On information and belief, at the time of the construction and modification of said building, all

18  buildings and facilities covered were required to conform to each of the standards and

19  specifications described in the American Standards Association Specifications and/or those

20  contained in Title 24 of the California Building Standards Code.

21  69.    Restaurants such as the BERTOLUCCI'S RISTORANTE are "public

22  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

23  70.    As a result of the actions and failure to act of defendants, and as a result of the

24  failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

25  denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

26  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

27  public facilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

71.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

72.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST,  inclusive)
(Civil Code §51, 51.5)

73.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 72 of this complaint.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

75.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

76.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §43, *et seq*., as if repled herein.

77.    As a legal result of the violation of plaintiff MARSHALL LOSKOT's  civil rights as hereinabove described, plaintiff MARSHALL LOSKOT has suffered general damages, bodily injury on or about July 13, 2008 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing corridor and doors in the men's restroom of the main

1    dining area, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremity

2    and neck while attempting to open a door to create a space for more maneuverability.

3        78.    Further, plaintiff MARSHALL LOSKOT suffered physical injury, emotional

4    distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and

5    costs).  Plaintiffs MARSHALL LOSKOT and DREES are entitled to the rights and remedies of

6    §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil

7    Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs,

8    as is allowed by statute, according to proof if deemed to be the prevailing party.

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST , inclusive, to make the BERTOLUCCI'S RISTORANTE, located at 421 Cypress Avenue, South San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///
///
///

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
        AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendants SODINI ENTERPRISES,
INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D.
SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY
TRUST , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants SODINI ENTERPRISES, INC., a

California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE,

and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST, inclusive, to make the

BERTOLUCCI'S RISTORANTE, located at 421 Cypress Avenue, South San Francisco,

California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

each occasion on which plaintiffs were deterred from returning to the subject public

accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291; and

7.    Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
        AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff MARSHALL LOSKOT, and Against Defendants SODINI
ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE;
PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI
FAMILY TRUST , inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.     PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST , inclusive, to make the BERTOLUCCI'S RISTORANTE, located at 421 Cypress Avenue, South San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**V.     PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      Treble damages pursuant to Civil Code §52(a);

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff MARSHALL LOSKOT, and Against Defendants SODINI ENTERPRISES, INC., a California corporation, dba BERTOLUCCI'S RISTORANTE; PETER D. SODINI, TRUSTEE, and VICTORIA A. SODINI, TRUSTEE of the SODINI FAMILY TRUST , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff MARSHALL LOSKOT according to proof.

Dated: _11/20/08_ , 2008          THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*


                                  By: _____
                                          THOMAS E. FRANKOVICH
                                  Attorneys for Plaintiffs MARSHALL LOSKOT and
                                  DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                  SERVICES: HELPING YOU HELP OTHERS, a California
                                  public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _11/20/08_ , 2008          THOMAS E. FRANKOVICH,
                                  *A PROFESSIONAL LAW CORPORATION*


                                  By: _____
                                          THOMAS E. FRANKOVICH
                                  Attorneys for Plaintiffs MARSHALL LOSKOT  and
                                  DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                  SERVICES: HELPING YOU HELP OTHERS, a California
                                  public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Marshall Loskot
P.O. Box 1
Platina, CA 96076

July 18, 2008

Dear Property Managers and Owners
Bertolucci's Ristorante
421 Cypress Ave
South San Francisco, 94080

Dear Sir or Madam:

Let me introduce myself, my name is Marshall Loskot.   I have a disability, requiring full time
use of a wheelchair.

Recently, I visited your Bertolucci's Ristorante with my friend to have dinner.  As a wheelchair
occupant I had trouble utilizing your parking, entrance, restroom, ramps and etc.  These
problems made it extremely difficult or impossible for me to enjoy my dinner at your
Bertolucci's Ristorante.  I would appreciate it if you would get the correct information from
proper public agencies*, and repair all of the barriers the disabled may encounter at your business
before someone else experiences further injury or discrimination at your business.  Please write
me over the next 2 to 3 weeks with your written guarantee, complete repair list and schedule for
making these necessary repairs over the next 2 to 3 three months.  I travel a lot on business and
would like you to write me using certified mail so your letter is not stored in the regular mail until
I return home from my business trips and my wife will call my cell and bring it to my immediate
attention.  If there is a problem doing this, please write and let me know.  If you are not the
person that handles these types of repair problems, I trust that you will forward this letter to
whoever is in charge of making these repairs at your business.  I will use this information eat at
your restaurant when I have business in San Francisco again.
Repairing your business is good for the disabled community and it is good for your business.

Thanks for considering my request,

*Marshall Loshot*

Marshall Loskot

* Two possible public sources (but there are many more) of the need information on exactly what you need to do to
repair your business:
1.  Pacific Disability and Business Technical Assistance Center (Pacific DBTAC)
    555 12th Street, Suite 1030
    Oakland, CA 94607-4046
    1-800-949-4232 or 510-285-5600, www.pacdbtac.org
2.  ADA regulations and technical assistance materials
    1-800-514-0301, www.usdoj.gov/crt/ada/adahom1.htm

They can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals.
This information and information from other government sources can enable you to do the necessary repairs